UNITED STATES of America, Plaintiff–Appellee,

v.

Yesenia Solis GONZALEZ, Defendant–Appellant.

No. 03–50580.

D.C. No. CR–02–00185–IEG.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 16, 2004.

David P. Curnow, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Benjamin P. Lechman, San Diego, CA, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM**

Yesenia Solis Gonzalez appeals her 60–month sentence following her guilty plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Gonzalez contends that the government breached the plea agreement by acting in bad faith and refusing to recommend a downward departure pursuant to U.S.S.G. § 5K1.1 after she provided substantial assistance. We disagree.

Gonzalez disagrees with the government's determination that her cooperation was not substantial enough to entitle her to a § 5K1.1 motion. However, she fails to demonstrate that the government based its refusal on unconstitutional motives. *See Wade v. United States,* 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992) (noting that defendant's mere allegation that he provided substantial assistance, or of a generalized improper motive is not a sufficient showing for a remedy or even an evidentiary hearing); *see also United States v. Burrows,* 36 F.3d 875, 885 (9th Cir.1994) ("Section 5K1.1 deliberately removes from judges the determination of whether or not a given quantum of assistance is substantial, and leaves the decision to prosecutors.").

We reject Gonzalez's contention that the district court failed to make appropriate factual findings as the record demonstrates that it properly resolved the factual disputes regarding the plea agreement.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).